**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION**

MATTHEW HYND,

    Plaintiff,

v.

THE GEO GROUP, INC., et al.,

    Defendants.

CIVIL ACTION NO.: 5:19-cv-67

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on Plaintiff's Complaint and Motions for Leave to Proceed *in Forma Pauperis*. Docs. 1, 2, 4. For the following reasons, I **DENY** Plaintiff's Motions. I also **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint, doc. 1, for failure to state a claim, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to appeal *in forma pauperis*.[1]

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted). A magistrate judge's report and recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be *sua sponte* dismissed). This Report and Recommendation constitutes fair notice to Plaintiff that his suit is due to be dismissed. As indicated below, Plaintiff will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562-TWT-JFK, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

**BACKGROUND**

Plaintiff, proceeding pro se and incarcerated at the D. Ray James Correctional Facility in Folkston, Georgia, brings this cause of action under the False Claims Act, 31 U.S.C. §§ 3729, 3730, *et seq*. Doc. 1. Plaintiff seeks to bring this cause of action on behalf of the United States of America as a qui tam suit and asks to be permitted to proceed without prepayment of the requisite filing fee. Id.; Docs. 2, 4. According to Plaintiff, Defendant The GEO Group knowingly presented or caused to be presented false or fraudulent claims for payment or approval for the United States government and knowingly made, used, or caused to be made or used false records or statements material to false or fraudulent claims. Doc. 1 at 1. Plaintiff asserts Defendant The GEO Group conspired with others to provide General Equivalency Diplomas ("GED") to inmates who already have high school diplomas or post-secondary qualifications. Id. at 2–4. Plaintiff seeks an injunction and monetary damages under the False Claims Act. Id. at 4.

**DISCUSSION**

**I.  Whether Plaintiff Can Proceed with His Claims**

As noted above, Plaintiff is incarcerated and is attempting to bring a pro se qui tam suit on behalf of the United States of America under the False Claims Act ("FCA"). "The FCA permits a private individual, called a qui tam 'relator,' to file a civil action against, and recover damages on behalf of the United States from, any person who:

> (1) knowingly presents, or causes to be presented, to an officer or employee of the United States Government . . . a false or fraudulent claim for payment or approval;
>
> (2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government.

Timson v. Sampson, 518 F.3d 870, 872–73 (11th Cir. 2008) (quoting 31 U.S.C. §§ 3729(a)(1)–(2), 3730(b)(1), (c)(3)). Section 3730(b)(1) of the FCA provides that actions brought by private individuals "shall be brought in the name of the Government." Id. at 873. "'The United States is the real party in interest in a qui tam action under the False Claims Act even if it is not controlling the litigation.'" Id. (quoting United States ex rel. Walker v. R&F Properties of Lack Cty., Inc., 433 F.3d 1349, 1359 (11th Cir. 2005)). "'The purpose of the Act . . . is to encourage private individuals who are aware of fraud being perpetrated against the government to bring such information forward.'" Id. (quoting Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1237 n.1 (11th Cir. 1999)). However, the FCA does not allow for the bringing of pro se qui tam suits. Id. at 873–74 (finding no error in the district court's dismissal of a pro se qui tam suit under the FCA). In addition, a pro se prisoner has no ability to litigate on behalf of others. Fairfax v. Wood, Case No. 4:16cv526, 2016 WL 6542873, at *1 (N.D. Fla. Sept. 27, 2016) (citing Timson, 518 F.3d at 873)). Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint based on his failure to state a qui tam claim on behalf of the United States. I **DENY** Plaintiff's Motions for Leave to Proceed *in Forma Pauperis*. Docs. 2, 4.

## II. Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective

3

standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's filings, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint, doc. 1, for failure to state a claim, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to appeal *in forma pauperis*.  I **DENY** Plaintiff's Motions for Leave to Proceed *in Forma Pauperis* in this Court. Docs. 2, 4.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28

U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 9th day of September, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA